IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARRETT KNOX GREEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:18-cv-964-MHT-GMB |
| ) | [WO] |
| SWIFT TRANSPORTATION and ) | |
| SHAWN NICHOLS, ) | |
| ) | |
| Defendant. ) | |

## **REPORT AND RECOMMENDATION**

Before the court is the *pro se* amended complaint of Plaintiff Barrett Knox Green ("Green"). Doc. 7. The case was referred to the undersigned United States Magistrate Judge for consideration and disposition or recommendation pursuant to 28 U.S.C. § 636. Doc. 5. Because Green has moved for leave to proceed *in forma pauperis* (Doc. 3), the court must review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). This statute instructs the court to dismiss any action in which it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). After a careful review of the complaint, and giving due consideration to Green's *pro se* status, the undersigned recommends that this case be dismissed without prejudice.

### **I. FACTS AND PROCEDURAL HISTORY**

Green, appearing *pro se*, filed a complaint against Swift Transportation and Shawn

Nichols ("Nichols") (Doc. 1), and an amendment to the complaint. Doc. 2.  Finding the amended complaint to be a shotgun pleading, this court ordered Green to file a new amended complaint making clear whether he was bringing federal or state-law claims and the basis of those claims.  Specifically, Green was ordered to file an amended complaint containing clear allegations of facts in separate numbered counts showing that he is entitled to relief under federal law or containing clear allegations of facts in separate numbered counts showing that he is entitled to relief under state law and allegations of fact that establish a basis for diversity subject matter jurisdiction over state-law claims. Doc. 6.

Green filed an amended complaint on December 11, 2018. The statement of jurisdiction in the amended complaint is the following: "(Grounds for Jurisdiction) at the Wal Mart Distribution Center the Swift Terminal Works out of there is a fork lift operator named Calvin that is sort of enemy." Doc. 7 at 1.  The amended complaint cites no federal laws, but refers to "13A-2-3, 4-3, 6-2" and 13A-11-123, which are Alabama Code sections, and also refers to defamation, attempted murder, and blacklisting. Doc. 7 at 1.

Green states that his address is in Brundidge, Alabama. Green also alleges an Arizona address for Swift Transportation, and a Brundidge, Alabama address for Defendant Nichols. Doc. 7 at 1.

## II. STANDARDS OF REVIEW

The same standards governing dismissal under Federal Rule of Civil Procedure 12(b)(6) also govern the review of a complaint under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008).  In evaluating the sufficiency of a complaint, the court must indulge reasonable

inferences in the plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" are not admitted as true for the purpose of testing the sufficiency of a plaintiff's allegations. *Id.*

Also, a federal court must inquire into whether it has subject matter jurisdiction and is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction. *Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 410 (11th Cir. 1999) (holding that once a federal court determines that it is without subject matter jurisdiction the court is powerless to continue).

### III.  DISCUSSION

The court advised Green in its previous order (Doc. 6) that a federal court has subject matter jurisdiction to hear a case bringing only state-law claims if the case "is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). After having been directed to allege a basis for jurisdiction in this case, Green failed to allege the citizenship of any party in his amended complaint. Green does provide addresses for all parties, and provides an Alabama address for himself and for Nichols. But residence is not the same as citizenship. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). The addresses, however, are at least an indication that both Green and Nichols are citizens of Alabama, which is not contradicted by any other evidence in the record. *Cf. id.* at 1270 (dismissing for lack of jurisdiction where there was inadequate evidence to overcome deficient jurisdictional pleadings). The

statutory requirement that an action be "between . . . citizens of different States" requires complete diversity between Green and all defendants. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  After having given Green an opportunity to correct jurisdictional issues, this court cannot conclude that Green has alleged a basis for diversity subject matter jurisdiction in this case.

There also is no allegation of a violation of federal law over which this court would have federal question jurisdiction. *See* 28 U.S.C. § 1331.  While Green's claims concern his termination from employment, there is no citation to any federal employment law statute or any other federal law—and there are specific citations to state-law statutory provisions.[1]  Thus, although directed to do so, Green has not alleged any facts to state a violation of federal law.

For these reasons, the court concludes that it lacks subject matter jurisdiction in this case. *See Taylor v. Hoard*, No. 2009 WL 1116614, at *2 (N.D. Fla. Apr. 21, 2009) (finding a lack of subject matter jurisdiction where the plaintiff did not identify any constitutional rights violated and there did not appear to be diversity of citizenship).

### IV.  CONCLUSION

In light of the foregoing, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion to Proceed *in forma pauperis* (Doc. 3) be GRANTED; but

---

[1] Green does not claim defamation under federal law, but if his amended complaint were construed to bring such a claim it would due to be dismissed as frivolous because there is no allegation of state action in this case. *See, e.g., Zak v. City of Arab*, 2015 WL 4508010, at *6 (N.D. Ala. July 24, 2015).

    2.    That the action be DISMISSED without prejudice for lack of subject matter jurisdiction.

It is further ORDERED that the Plaintiff is DIRECTED to file any objections to this Recommendation on or before **December 28, 2018.** Any objections filed must identify the specific findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the district court. This Recommendation is not a final order of the court, and, therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's factual findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the report and recommendation, and also waives the right of the party to challenge on appeal the District Court's order based on findings and conclusions that the parties have not objected to, in the absence of plain error or manifest injustice. *See Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Hamilton v. Sheridan Healthcorp, Inc.*, 700 F. App'x 883, 887 (11th Cir. 2017).

DONE this 13th day of December, 2018.

/s/ Gray M. Borden
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE